IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**HONDA JET LIMITED, L.L.C.**                                     **PLAINTIFF**

V.                         **CASE NO. 3:19-CV-3030**

**HONDA AIRCRAFT COMPANY, LLC**                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Honda Aircraft Company, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 25); Plaintiff Honda Jet Limited, L.L.C.'s Response (Doc. 26) and Memorandum Brief in Support (Doc. 27); Defendant's Supplement (Doc. 30) and Reply (Doc. 31); and Plaintiff's Supplements (Docs. 32, 34). For the reasons given below, the Court will **GRANT** Defendant's Motion.

### I. BACKGROUND

Defendant is an aircraft manufacturer. Back in 2006, Plaintiff signed a purchase agreement ("the Purchase Agreement") with Defendant, for the purchase of a small twin-engine private aircraft ("the Jet"). The model that Plaintiff agreed to purchase from Defendant (Model HA-420) was still in development at that time—which is to say, Plaintiff agreed to purchase the Jet before it came to market. Over the next eleven years, Defendant continued to develop and manufacture the aircraft, and in 2017 the Jet was finally delivered to Plaintiff.

Plaintiff alleges that the Jet was delivered with various defects that have required extensive and expensive diagnostics and repairs. Those alleged defects are the subject of this lawsuit, which Plaintiff filed on March 7, 2019, in the Circuit Court of Baxter County,

1

Arkansas. A month and a half later, Defendant removed the lawsuit to this Court. Plaintiff's operative complaint asserts one count against Defendant for breach of the Purchase Agreement's warranty. Plaintiff seeks a judgment for the damages allegedly caused by Defendant's breach, along with either a replacement jet that is free of defects or an award in the amount of the Jet's purchase price.

Defendant has filed a Motion to Dismiss for Lack of Personal Jurisdiction. Essentially, Defendant argues that this lawsuit cannot be brought against it in the state of Arkansas because this state is not Defendant's principal place of business, Defendant is not organized under the laws of this state, and none of the events giving rise to this lawsuit occurred in Arkansas. Plaintiff, of course, disagrees, having filed the lawsuit in this state. Defendant's Motion has been fully briefed, and is ripe for decision.

## II. LEGAL STANDARD

Plaintiff bears the burden of proving sufficient facts to "make a *prima facie* showing of personal jurisdiction over the defendant." *See Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). But the Court "must view the evidence in the light most favorable to the plaintiff and resolve all conflicts in the plaintiff's favor." *Id.*

For a court to have personal jurisdiction over a defendant, two requirements must be satisfied. One requirement is that the forum state's long-arm statute must permit service of process. The other requirement is that the defendant must have sufficient minimum contacts with the forum state such that it would not violate federal constitutional requirements of due process for the defendant to be sued in that state. But in Arkansas, these two requirements collapse into one, because Arkansas's long-arm statute

authorizes the exercise of personal jurisdiction to the maximum extent permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See* Ark. Code Ann. § 16-4-101(B); *see also Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

The Due Process Clause allows courts to exercise personal jurisdiction only when a defendant has "certain minimum contacts with" the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). This standard "presaged the development of two categories of personal jurisdiction": general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014).

General jurisdiction allows a court to hear "any and all claims" against a defendant. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). When the defendant is a corporation, the Due Process Clause permits general jurisdiction over it only when its "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *See id.* (internal quotation marks omitted). "The place of incorporation and principal place of business" are the "paradigm bases for general jurisdiction" over a corporation. *Daimler*, 571 U.S. at 137 (internal alterations and quotation marks omitted).

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (internal alteration and quotation marks omitted). Its exercise is "confined

to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal quotation marks omitted). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (internal quotation marks omitted).

To aid district courts in determining whether a defendant has sufficient minimum contacts with a forum, the Eighth Circuit has crafted a five-factor test:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Land-O-Nod Co. v. Bassett Furniture Indus. Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). The last two factors are of secondary importance, *id.*, and the third factor applies only in the specific-jurisdiction context, *see Wilcosky v. Swift Trans. Corp.*, 2008 WL 2562959, at *2 (W.D. Ark. June 24, 2008); *see also Digi-Tel Holdings*, 89 F.3d at 522 n.4 ("This third factor distinguishes whether the jurisdiction is specific or general.").

## III. DISCUSSION

Defendant is a limited liability company organized under the laws of Delaware, whose principal place of business is North Carolina. *See* Doc. 18, ¶ 6. It has no offices, employees, or real estate in Arkansas. *See* Doc. 25-1, ¶¶ 19–20. It has no facilities in Arkansas for manufacturing, repair, sales, or maintenance. *See id.* at ¶ 16. It is not even registered to do business in Arkansas, *see id.* at ¶ 17, and it has no registered agent for service of process in this state, *see id.* at ¶ 18. Plainly, then, there is no general personal jurisdiction over Defendant here. Plaintiff does not appear to contend otherwise.

4

Instead, Plaintiff focuses its argument on the matter of specific jurisdiction. The Court's analysis here is greatly streamlined by the fact that almost none of the relevant facts are in dispute. Rather, the parties simply disagree on whether these facts demonstrate the requisite "minimum contacts" with the state of Arkansas.

Plaintiff, like Defendant, is a limited liability company organized under the laws of Delaware. *See* Doc. 18, ¶ 5. The original sale of the Jet was apparently conducted in Kansas and North Carolina. *See* Doc. 25-1, ¶ 14 & pp. 67–72. Various amendments to the Purchase Agreement invoke the laws of North Carolina. *See id.* at pp. 61, 63. The Jet was manufactured in North Carolina. *See id.* at ¶ 12. The Jet was delivered to Plaintiff in North Carolina. *See id.* at ¶ 13 & pp. 65–66. All communications from Defendant to Plaintiff during the eleven intervening years between the purchase and the delivery were mailed to Kansas addresses. *See id.* at ¶ 15.

At this point, the reader is likely wondering why this lawsuit was filed in Arkansas. The answer is simple: Plaintiff's current owners live here.[1] On its own, that is insufficient to establish personal jurisdiction over Defendant. "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285.

So Plaintiff points to three contacts between Defendant and the state of Arkansas, and argues that they are sufficient to make its *prima facie* showing of personal jurisdiction.

---

[1] To be more precise, Plaintiff's sole member is a limited liability company called Brooke Development Company, which is organized under the laws of Arkansas. *See* Doc. 18, ¶ 5. And Brooke Development Company's sole members are Brad and Lani Hasselwander, who are both individuals and citizens of Arkansas. *See id.*

5

With respect to one such set of contacts, Plaintiff observes that another Arkansas resident owns the same model as the Jet, see Doc. 26-2, and that Defendant's personnel have traveled to Arkansas to make repairs to another owner's aircraft, see Doc. 26-3. This Court does not believe these particular facts have any relevance at all to the issue of specific jurisdiction in this case. In a similar situation, the United States Supreme Court observed that "[t]he mere fact that *other* plaintiffs" had contacts with nonresident defendants in the forum state "does not allow the State to assert specific jurisdiction over the nonresidents' claims. . . . [A] defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction." *Bristol-Meyers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017) (emphasis in original).[2]

The other two sets of contacts between Defendant and Arkansas that Plaintiff points to are that: (1) Defendant once contracted with an Iowa-based third party called Des Moines Flying Service ("DMFS")[3] to travel to Arkansas to make repairs to the Jet; and (2) Defendant once provided a pilot to fly the Jet from North Carolina to Arkansas after repairs were made to the Jet in North Carolina. *See* Doc. 18, ¶ 8. These contacts are also insufficient to make a showing of specific jurisdiction here, because neither of them *caused* the harm of which Plaintiff complains—which is that Defendant allegedly breached the Purchase Agreement's warranty by delivering to Plaintiff a defective Jet. It

---

[2] These sparse contacts certainly do not suffice to make a showing of general jurisdiction either. As has already been discussed above, Arkansas is neither Defendant's primary place of business nor the state under whose laws Defendant is organized.

[3] Plaintiff characterizes DMFS as Defendant's "agent," rather than as an independent contractor. *See* Doc. 18, ¶ 8. But the contract between Defendant and DMFS explicitly states that their relationship is one of independent contractors and not one of agency. *See* Doc. 25-1, p. 110, ¶ 10.2. Ultimately, though, this distinction makes no difference to this Court's analysis.

is not enough that Plaintiff happened to be located in Arkansas when it experienced harm from Defendant's extraterritorial actions, unless "those acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, *and* (3) *caused* harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—in the forum state." *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (emphasis added). Plaintiff is not suing Defendant for making repairs to the Jet; Plaintiff is suing Defendant for manufacturing and delivering a Jet (both in North Carolina) that needed extensive repairs in the first place.

Considering all these facts together in light of the Eighth Circuit's five-factor test, it is clear to this Court that it cannot exercise personal jurisdiction over Defendant in this case. The nature, quality, and quantity of Defendant's contacts with Arkansas have no relation to the cause of this action. In other words, the first three (and most important) factors all weigh very heavily against personal jurisdiction here. The other two (and less important) factors—Arkansas's interest in providing a forum for its residents, as well as the convenience of the parties—do not weigh in Plaintiff's favor either. Though Plaintiff's owners are Arkansas residents, Plaintiff itself is a Delaware entity. Arkansas has no interest in interpreting and developing North Carolina law. And North Carolina would surely be as convenient a forum for Defendant as Arkansas would be for Plaintiff—to say nothing of the fact that North Carolina is where the vehicle was manufactured and thus presumably where much of the relevant evidence about Plaintiff's claim can be found.

Plaintiff asks that if this Court is inclined to grant Defendant's Motion, it first give Plaintiff the opportunity to conduct limited jurisdictional discovery so that it may uncover evidence to support a *prima facie* showing of personal jurisdiction. But Plaintiff does not

explain what such evidence might be, and in light of all the aforementioned facts, this Court cannot imagine what it would be either. So the Court will deny Plaintiff's request for jurisdictional discovery, and it will grant Defendant's Motion.

In general, when a district court lacks personal jurisdiction over a defendant, it may transfer the case "to any district or division in which it could have been brought" if doing so would "be in the interest of justice." *See* 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Helman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."). Here the Middle District of North Carolina (which contains Greensboro, where the Jet was manufactured), strikes this Court as a likely appropriate venue if such a transfer were to be made. But neither party in this case has requested a transfer. In the absence of any such request or briefing on the propriety of any particular transferee venue, this Court finds the appropriate action here is to dismiss this case without prejudice, so that Plaintiff may refile it in a proper venue of its own choosing.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Honda Aircraft Company, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 25) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS SO ORDERED** on this 21st day of August, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE